**NOT FOR PUBLICATION**

```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

| | | |
|---|---|---|
| HUGO CHAVEZ-CADENAS, | : | |
| | : | Civil Action No. 11-2914 (RMB) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| UNITED STATES OF AMERICA, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

Hugo Chavez-Cadenas
#17388-112
FCI Fairton
P.O. Box 420
Fairton, NJ 08320

**BUMB**, District Judge

Petitioner, Juan Carlos Arbelaez-Agudelo, a federal prisoner confined at the Federal Correctional Institution at Fort Dix, New Jersey, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his federal conviction. Petitioner has paid the $5 filing fee.

This Court has reviewed the Petition, and for the reasons set forth below, will dismiss the Petition for lack of jurisdiction, as it is a prohibited second or successive motion under 28 U.S.C. § 2255.

## BACKGROUND

The following facts are taken from the petition, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Petitioner's allegations.

Petitioner pled guilty to conspiracy to distribute and possess with intent to distribute more than 500 grams of methamphetamine, in violation of 21 U.S.C. 841(a)(1), (b)(1)(A)(viii), and 846. Petitioner was sentenced to a term of 45 years by the United States District Court, Western District of Missouri, Kansas City on April 13, 2010. He was then re-sentenced to a term of 30 years.

Petitioner previously filed a motion pursuant 28 U.S.C. § 2255 in the sentencing court. In his motion, he argued that "evidence linking him to the drug conspiracy should have been suppressed under the Fourth Amendment." The § 2255 motion was denied and the court denied Petitioner's request for a certificate of appealability ("COA"). Petitioner then applied to the United States Court of Appeals, Tenth Circuit for a COA to permit appeal of the denial of the § 2255 motion. The Tenth Circuit denied a certificate of appealability on November 1, 2010.

Petitioner filed the instant application for habeas relief on or about May 23, 2011. In the Petition, Petitioner contends that he was subject to an invalid plea agreement and believes he

is entitled to withdraw his plea and re-plead. He states that "[a]gents built a false case against Petitioner based on knowingly false facts that they knew were not true in order to secure warrants for their surveillance, their search, and their arrest." He further claims that the government's case was based on uncorroborated statements of informants and that trial and sentencing counsel were ineffective. Petitioner states that his remedy by § 2255 is ineffective because his previous attorney was ineffective.

## DISCUSSION

**A.  Standards for a Sua Sponte Dismissal**

Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can

3

dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); see also 28 U.S.C. §§ 2243, 2255.

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless-... He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

**B.   Jurisdiction**

Here, Petitioner contends that he is entitled to habeas relief under § 2241, despite the fact that he had filed an earlier § 2255 motion. Petitioner appears to contend that the relief under § 2255 is "inadequate or ineffective." Cf. In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). However, the memorandum filed by Petitioner in support of the Petition does not contain legal support of that theory. Rather, his memorandum primarily contains a recitation of alleged facts regarding the underlying criminal conviction along with legal arguments related to arguing the underlying issues as to why Petitioner believes that he should be given another opportunity to attack that conviction. The issue this Court must look to is whether it would be proper to allow such an attack.

4

As noted by the Court of Appeals for the Third Circuit in Dorsainvil, 119 F.3d at 249, a motion under 28 U.S.C. § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement.  See also Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977); United States v. Walker, 980 F. Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).  Generally, challenges to the validity of a federal conviction or sentence by motions under § 2255 must be brought before the court which imposed the sentence.  See 28 U.S.C. § 2255; Davis v. United States, 417 U.S. 333 (1974); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  In addition, before a second or successive § 2255 motion is filed in the district court, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition on the ground of either (1) newly-discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense or (2) a new rule of constitutional law made retroactive by the Supreme Court.  28 U.S.C. §§ 2244(a), 2255.

Section 2255 contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention."  In <u>Dorsainvil</u>, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."  119 F.3d at 251.  The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255.  <u>Id.</u>  To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in <u>Dorsainvil</u> because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all.  <u>Id.</u> at 251-52.

Thus, under <u>Dorsainvil</u>, this Court would have jurisdiction over the pending petition if, and only if, Petitioner could demonstrate (1) his "actual innocence" (2) as a result of a retroactive change in substantive law that negates the

6

criminality of his conduct (3) for which he had not other opportunity to seek judicial review.  119 F.3d at 251-52; see also Okereke, 307 F.3d at 120; Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002).

Here, Petitioner does not allege facts bringing his conviction within the Dorsainvil exception.  He does not suggest any basis for "actual innocence" and cannot demonstrate that his circumstances constitute the sort of "complete miscarriage of justice" that would justify application of the safety-valve language of § 2255 rather than its gatekeeping requirements.  To the contrary, Petitioner challenges the validity of his sentence, a challenge which would generally fall within the scope of claims cognizable on direct appeal or in a § 2255 motion in the district of confinement.  Section 2255 is not "inadequate or ineffective" because his prior motion for relief pursuant to § 2255 was unsuccessful.

Accordingly, since the Dorsainvil exception does not apply here, this Court lacks jurisdiction to entertain this challenge to Petitioner's conviction under § 2241.

**C.   Transfer**

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in

which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.

Because Petitioner does not assert any ground for relief justifying authorization to file a second or successive § 2255 petition, and because Petitioner has filed a previous § 2255 motion, it does not appear that transfer would be in the interest of justice.  Accordingly, the petition will be dismissed without prejudice for lack of jurisdiction.

## CONCLUSION

For the reasons set forth above, this action for relief under § 2241 will be dismissed without prejudice for lack of jurisdiction, because it is a second or successive motion under § 2255 challenging Petitioner's federal sentence.  An appropriate order follows.

s/Renée Marie Bumb
Renée Marie Bumb
United States District Judge

Dated: March 29, 2012